**UNITED STATES of America,**

v.

**Zacarias MOUSSAOUI a/k/a "Shaqil," a/k/a "Abu Khalid al Sahrawi," Defendant.**

**No. CR.01–455–A.**

United States District Court, E.D. Virginia, Alexandria Division.

Sept. 23, 2002.

Edward B. MacMahon, Middleburg, VA, Alan H. Yamamoto, Alexandria, VA, Gerald Thomas Zerkin, Frank W. Dunham, Jr., Office of the Public Defender, Richmond, VA, for defendant.

Zacarias Moussaoui, Alexandria Adult Detention Center, Alexandria, VA, pro se.

Robert A. Spencer, United States Attorney's Office, Alexandria, VA, for U.S.

### ORDER

BRINKEMA, District Judge.

Before the Court is the Renewed Expedited Motion of the United States for Clarification Regarding the Applicability of Local Criminal Rule 57 to Information to Be Made Public in Congressional Proceedings ("Renewed Expedited Motion for Clarification"), in which the Department of Justice again asks the Court for an advisory ruling on the applicability of Local Rule 57 to the testimony of Federal Bureau of Investigation ("FBI") witnesses who are scheduled to testify during open hearings before the Joint Inquiry of the Senate Select Committee on Intelligence and the House Permanent Select Committee on Intelligence beginning on September 24, 2002. The United States specifically proposes that the Court order that Local Rule 57 applies to "all statements" made

by Department of Justice employees who are called to testify at the public hearings.[1]

Local Rule 57 was enacted to balance the fair trial rights of criminal defendants against the public's right to be informed about criminal proceedings on the court's docket. Local Rule 57(C) provides that

"a lawyer or law firm [2] associated with the prosecution or defense shall not release or authorize the release of any extrajudicial statement which a reasonable person would expect to be further disseminated by any means of public communication, if such statement concerns...(1) the prior criminal record...character or reputation of the accused...; (2) the existence or contents of any confession, admission, or statement...by the accused...;...(4) the identity, testimony, or credibility of prospective witnesses...; (5) the possibility of a plea of guilty...; [or] (6) any opinion as to the accused's guilt or innocence or as to the merits of the case or the evidence in the case."

The general rule does not preclude a lawyer or law firm "in the proper discharge" of its official or professional obligations from publicly commenting about the fact of an arrest, describing evidence seized, or discussing the nature of the offense charged. Moreover, Local Rule 57 is not "intended to preclude...the holding of hearings or the lawful issuance of reports by legislative, administrative or investigative bodies, or to preclude any lawyer from replying to charges of misconduct that are publicly made against such lawyer."

The Joint Inquiry made clear in its August 5, 2002 letter to the Assistant Attorney General for the Criminal Division the limited parameters of the inquiry and has reiterated in its Reply that the Committees will not ask witnesses to comment about the merits of this case. Indeed, the questions are expected to focus on "what government officials

heard, observed, reasoned, recommended, and acted on (or did not act on) prior to September 11." Reply at 7. The Committees are not interested in "expressions of current judgment from government witnesses about the defendant's guilt or innocence or the government's plans for presenting its case." *Id.* Given the ground rules articulated by the Joint Inquiry, FBI personnel should have no difficulty responding to Congress' questions without violating Local Rule 57 or any other order of this Court. Accordingly, the Renewed Expedited Motion for Clarification is DENIED.

The Clerk is directed to forward copies of this Order to the defendant, *pro se;* counsel for the United States; standby defense counsel; and counsel for the Joint Inquiry.

---

**1.** Having reviewed the United States' Motion, the Reply on behalf of the Joint Inquiry, and standby defense counsel's Response, we find that oral argument will not assist us in resolving the Renewed Motion. We defer ruling on standby defense counsel's request to postpone the start of jury selection, request for copies of all testimony before the Committees and documents relied on

during the hearings, and concerns about the disclosure of classified information until the United States has had an opportunity to respond.

**2.** Local Rule 57 applies to FBI personnel because they are part of the Department of Justice, which is the law firm prosecuting this case.